UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    CASE NO.
--------------------------------------------------------------------x
THOMAS HOGAN
                              Plaintiff,

        -against-                                COMPLAINT

CBS CORPORATION
JEFFREY BIRCH
                              Defendants
..............................................................x

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THOMAS HOGAN, by and through his undersigned counsel, as and for his

Complaint in this action, hereby alleges as follows:

### NATURE OF THE CLAIMS

1.      This is an action for monetary damages and equitable relief to redress Defendants'

unlawful employment practice, including discrimination and termination of the Plaintiff, in

violation of the Americans with Disabilities Act, as amended, 42 U.S.C.§ 12101 et. seq. ("ADA")

and the New York State Human Rights Law, NY Executive Law § 290, 296, ("NYSHRL") and the

New York City Human Rights Law (NYC Admin Code § 8-107) (hereinafter "NYCHRL").

2.      Plaintiff suffers from conditions considered to be disabilities ( chronic cough,

hernias, headaches sinusitis and GERD ( Gastric Esophageal Reflux) under the relevant statutes

on which this action is based: American with Disabilities Act, NYS Human Rights Law, New

York City Human Rights Law.) In addition to the above conditions were present and of which the

Defendants had knowledge, on December 11, 2015 Plaintiff sustained an injury to his Right

Hand at work resulting in a mallet deformity of the right ring finger, which also constituted a

1

disability under the above statutes. The conditions described above caused the Plaintiff to lose time from work prior to the injury of December 11,2015. Plaintiff was informed on his return to work after absence for hernia surgery in the spring and fall of 2015, that the manager of his department, Jeffrey Birch, was angry about the time that he was out of work and 'had it in for him'. After reporting the injury to his right ring finger to Defendants, including defendant Jeffrey Birch, Plaintiff was terminated on December 23,2015 in retaliation for both filing a claim for workers' compensation and requesting accommodation for his injury. The Plaintiff has presented a qualifying disability under the ADA, and the NYS Human Rights Law and NYC Human Rights Law as the above conditions were substantial impairments affecting major life activities including employment. He was caused to suffer discrimination as a result of said disability involving the terms, conditions and privileges of employment and ultimately was terminated on or about December 23, 2015. Plaintiff's request for reasonable accommodation for his finger injury was unreasonably denied. Defendants retaliated against him for seeking such accommodation by terminating him on December 23, 2015.

## JURISDICTION AND VENUE

3.      The  Court has jurisdiction over this action pursuant to 28 USC § 1331 and § 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over the Plaintiff's related claims under state law (NYSHRL) and those under the New York City Administrative Code ( NYCHRL) pursuant to 28 USC § 1367 (a).

4.      Venue is proper in this district because a substantial part of the events or omissions giving rise to this action including unlawful employment practices alleged herein occurred in this

district and defendant his its office in this district.

5.      Plaintiff has complied with all the statutory prerequisites to his ADA, and Human Rights Law claims having filed a charge of discrimination with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC") and having received a Notice of Dismissal and Right to Sue Letter from the EEOC dated May 1, 2017.

6.      This action is timely filed within 90 days of receipt of the Notice of Dismissal and Right to Sue dated May 1, 2017

7.      Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

8.      Plaintiff is a 53 year old individual who resides in Nassau County with address P.O. Box 1153 New Hyde Park New York and has worked for the defendant, as a technician from February 2007 until his termination on December 23, 2015. He meets the definition of an employee and a qualified individual with a disability under all the applicable statutes.

9.      Defendant CBS Corporation ( hereinafter "CBS") is a corporation organized under the laws of the State of New York and is engaged in the business of providing television and radio programming. At all times CBS Corporation had more than 50 individuals employed in the State of New York and qualifies as an employer within the meaning of all of the above statutes.

10.     At all relevant periods defendant Jeffrey Birch ( hereinafter "Birch" was employed by the Defendant CBS Corporation in the capacity of Assistant Vice President of Engineering and exercised supervisory control over the Plaintiff, and represented to the Plaintiff that he had power to fire and otherwise affect the terms and conditions of Plaintiff's employment.

11.     Defendant CBS had a principal place of business at 51 West 52nd Street New York,

3

New York in the district where this action is brought.    Defendant  Birch, upon information  and

belief had a   business  address at the  same location  and within this district.

   12.  Venue is proper in this District as the  Defendants have their offices in this District

 and  the Defendant  conduct business in  this district. The events that gave rise to this action

occurred in this district.

**FACTUAL ALLEGATIONS**

   13.  Plaintiff is a qualified individual with a disability resulting from several conditions

arising from activities at  Ground Zero following the attack on September 11,  2001,  including,

chronic cough,  headaches, sinusitis and GERD) and sustained an on the job injury on December

11, 2015.  Plaintiff  was employed  by CBS Corp.  from February 2007  as a  broadcast engineer

and worked until he was terminated on December 23, 2015. In   2013,  he was diagnosed with a

hernia condition.  In April  2015 he underwent surgery for this condition, which caused an absence

of  several months.  When he returned CBS  following surgery,  he was informed by his immediate

supervisor Herb Meehan that defendant  Birch was angry about the time taken off from  work.

When Plaintiff   discussed returning to work  with Birch,  he stated that he didn't know if Plaintiff

would be able to work there because of his  hernia and 9/11  conditions. However,  during the

Plaintiff's absence he had not been require to produce  medical  documentation nor a medical note

clearing him  to return to work,

   14.  During the performance of his regular duties  on December 11, 2015,   Plaintiff

injured his Right hand and sought medical care. He promptly  reported the  injury.  After diagnosis

of a mallet  deformity of the  Right ring finger he was given a splint to wear.  Plaintiff 's diagnosis

of mallet deformity  is  a disability under the ADA,  the NYSHRL and the  NYCHRL.

15.     On December 14, 2015 Plaintiff provided his immediate supervisor with a doctor's note indicating that he required an accommodation in that he could not engage in activity affecting his splint but was otherwise able to work  Plaintiff in fact performed his regular work until December 23, 2015.  On that date he was informed by Meehan that he was being terminated by Defendant Birch notwithstanding that he was performing his regular duties following the injury to his hand.

.     16.     Plaintiff observed other employees who had been out for extended periods  not subjected to s doing his job, who were younger, a  hostile response following their return to work and had also observed other employees working with splints and other assistive devices.

17.     Defendants acts were intentional, and showed  a deliberate and willful disregard and indifference to Levitant's civil rights.

### AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF ADA

18.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though set forth fully herein.

19.     Defendants CBS and Jeffrey Birch discriminated against the plaintiff in violation of the ADA by denying him equal terms and conditions of employment including but not limited to denying him the opportunity to continue working, threatening him with termination, and terminating him because of his disability, because the defendants regarded him as disabled and/or because of Plaintiff's record of disability.

20.     The above defendants discriminated against plaintiff in violation of the ADA by denying him equal terms and conditions of employment including but not limited to terminating him despite his work record and qualifications for his position which he had been doing for 8 years

5

because of his disability, because the Defendants regarded him as disabled and or because of his record of disability.

21.    Defendants discriminated against the plaintiff in violation of the ADA by creating, fostering condoning accepting and ratifying, and /or failing to prevent or to remedy a hostile work environment including disparaging comments regarding his ability to work, all as a result of his disability .

22.    As a direct and proximate result of defendants' unlawful and discriminatory conduct in violation of the ADA, plaintiff has suffered and continues to suffer monetary and/or economic damages including but not limited to the loss of past and future income, compensation and benefits.

23.    As a direct and proximate result of defendants' unlawful and discriminatory conduct in violation of the ADA, plaintiff has endured a hostile work environment, causing him to suffer emotional injuries warranting monetary compensation

24.    As a direct and proximate result of defendants unlawful and discriminatory conduct in violation of the ADA plaintiff has suffered and continues to suffer mental anguish and emotional distress. Plaintiff is entitled to damages for back Pay and loss of employment related benefits and loss of future pay and damages for emotional injury in the amount of Five Million Dollars ( $5,000,0000.00.) and an order directing the defendants to place plaintiff in the position he would have occupied but for defendants' discriminatory treatment and unlawful conduct as well as to take such affirmative action including but not limited to reinstatement as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment

**AS AND FOR A SECOND CAUSE OF ACTION  FAILURE TO ACCOMMODATE UNDER THE   ADA**

25.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs  inclusive as though set forth fully herein.

26.     Plaintiff requested accommodation for a disability under the ADA by requesting that the defendant  employer allow him  to continue to  perform his regular work using a splint on his Right Ring Finger.

27.     Defendants voiced  verbal   objection to the Plaintiff's request for accommodation and terminated him while he was performing his regular work.

28.      Defendants' termination of the  Plaintiff  was an  adverse change in the  terms and conditions of his employment  as a  result of his requested accommodation in violation of the ADA.

29.     Defendants had no legitimate or valid business reason for the Plaintiff's termination.

30.     Plaintiff is  entitled  to  damages  under the   ADA   for  back  pay  and  loss  of employment related benefits,  future pay and damages for emotional injury and  damages  as a result of the creation and perpetuation of a hostile work environment in the amount described in the preceding cause of action  and an order directing the defendants to place plaintiff in the position he would have occupied but for defendants' discriminatory treatment and unlawful conduct as well as to take such affirmative action including but not limited to reinstatement  as is necessary to ensure

7

that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment

### AS AND FOR A THIRD CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF THE ADA.

31.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs inclusive as though set forth fully herein.

32.     Plaintiff requested an accommodation under the ADA by seeking permission to work with a splint on his right ring finger, following the on the job injury of December 11, 2015.

33.     Defendant's employees in the Huma Resources Department indicated that other job titles were not permitted to work with injuries. Plaintiff continued to work with splint on his finger but within days thereafter on December 23, 2015 he was terminated.

34.     Defendant's termination of the Plaintiff on December 23, 2015 was in retaliation for seeking to work with a disability and in retaliation for previous disability related absences.

35.     As a result of the Defendants' retaliation against the Plaintiff in violation of the ADA plaintiff has been damaged suffering loss of wages and emotional injury.

36     .Plaintiff is entitled to damages for loss of back pay and employment related benefits and future damages for loss of future income and emotional damages in the amount set forth in the preceding causes of action and an order directing the defendants to place plaintiff in the position he would have occupied but for defendants' discriminatory treatment and unlawful conduct as well as to take such affirmative action including but not limited to reinstatement as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment

8

**AS AND FOR A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYS HRL**

37.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs inclusive as though set forth fully herein

38.    Plaintiff's medical conditions including the mallet deformity of his Right Ring Finger were disabilities under NYS Human Rights Law § 292 (21).

39.    Defendants discriminated against the Plaintiff in violation of the NYS HRL by terminating as a result of an acknowledged disability on December 23, 2015 and in addition to loss of employment, plaintiff endured a hostile work environment up to the date of his termination.

40.    The Defendants stated reasons for terminating the Plaintiff were pretextual and did not reflect the defendant's actual reasons for terminating the plaintiff.

41,    Defendants are liable to the Plaintiff for damages for loss of back pay and employment related benefits, loss of future wages, and emotional damages as set forth in the preceding causes of action and an order directing the defendants to place plaintiff in the position he would have occupied but for defendants' discriminatory treatment and unlawful conduct as well as to take such affirmative action including but not limited to reinstatement as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment

**AS AND FOR A FIFTH CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE UNDER NYS HRL.**

42.    Plaintiff repeats and realleges each and every allegation in the preceding

9

paragraphs inclusive as though set forth fully herein

43    Plaintiff notified Defendants that he could continue to perform the essential functions of his job with requested accommodation in the form of a splint on his right ring finger,

44.    Defendant objected to the Plaintiff's continued performance of his regular work with the use of a splint and within days thereafter terminated him in violation of the NYS HRL.

45.    The defendants are liable to the Plaintiff for failure to accommodate the Plaintiff's disability under the NYS Human Rights Law.

46.    As a result of the failure to accommodate the Plaintiff's disability, the plaintiff suffered loss of pay from the date of his termination, loss of employment related benefits, loss of future wages and employment related benefits and emotional injury.

47.    Defendants are liable to the plaintiff for damages as set forth in the preceding causes of action and an order directing the defendants to place plaintiff in the position he would have occupied but for defendants' discriminatory treatment and unlawful conduct as well as to take such affirmative action including but not limited to reinstatement as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment

## AS AND FOR A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE NYS HRL.

48.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs inclusive as though set forth fully herein.

49.    Plaintiff requested an accommodation under the NYS HRL by seeking permission to work with a splint on his right ring finger, following the on the job injury of

December 11, 2015.

50.     Defendant's employees in the Huma Resources Department  indicated that other

job titles were not permitted to work with  injuries.  Plaintiff continued to work with  splint on his

finger but within days thereafter on December 23, 2015  he was terminated.

51.     Defendant's termination of the  Plaintiff on December 23, 2015 was in retaliation

for seeking to work with  a  disability  and in retaliation for previous disability related absences.

52.     As a result of the Defendants'  retaliation against the Plaintiff in violation of the

NYS HRL,  plaintiff has been damaged suffering loss of wages and emotional injury.

53.     Plaintiff is entitled to damages for  loss of back pay and employment  related

benefits  and future damages for loss of future income  and   emotional damages

54.     Defendants are liable to the Plaintiff for  retaliation under the NYS HRL for past

wages and employment benefits, future loss of wages and employment  benefits and emotional

injury as set forth in the preceding paragraphs  and   an order directing the defendants to place

plaintiff in the position he would have occupied but for defendants' discriminatory treatment and

unlawful  conduct  as  well  as  to  take  such  affirmative  action  including  but  not  limited  to

reinstatement  as is necessary to ensure that the  effects of these unlawful practices are eliminated

and do not continue to  affect Plaintiff's employment

## AS  AND FOR A   SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE  NYC  HUMAN  RIGHTS LAW

55.     Plaintiff repeats and realleges each and every allegation in the preceding

paragraphs  inclusive as though set forth fully herein.

56.     Defendant's  business activities and their principal offices were located in the  City

of New York.   Plaintiff's work  activities with Defendant were performed entirely in the City of

New York.

57.      Plaintiff had conditions which  were disabilities under the New York City Human

Rights Law ( NYC Admin Code  § 8-107 et seq.).  Defendant was an employer within  the meaning

of the NYC HRL.

58.      Defendants  discriminated  against the  Plaintiff  in violation of the NYC HRL by

terminating him  as a result of an acknowledged disability   on  December 23, 2015 and in addition

 to loss  of employment,  plaintiff' endured a hostile work environment up to  the date of his

termination.

59.      The Defendants stated reasons for terminating the Plaintiff were pretextual and did

not    reflect the defendant's actual reasons for terminating the plaintiff. Discrimination was the

sole or principal  reason for  defendants'  termination of Plaintiff.

60.      Defendants  are liable to the plaintiff for discrimination under the NYC HRL for

back pay and employment related benefits,  future pay and loss of benefits and emotional injury as

set forth in the preceding causes of action and  an order directing the defendants to place plaintiff

in the position he would have occupied but for defendants' discriminatory treatment and unlawful

conduct as well as to take such affirmative action including but not limited to reinstatement  as is

necessary to ensure that the  effects of these unlawful practices are eliminated and do not continue

to  affect Plaintiff's employment

### AS  AND FOR A   EIGHTH  CAUSE OF ACTION FOR  FAILURE TO ACCOMMODATE   UNDER THE  NYC  HUMAN  RIGHTS LAW

61.      Plaintiff repeats and realleges each and every allegation in the preceding

paragraphs inclusive as though set forth fully herein.

62. Plaintiff notified Defendants that he could continue to perform the essential functions of his job with requested accommodation in the form of a splint on his right ring finger.

63. Defendant objected to the Plaintiff's continued performance of his regular work with the use of a splint and within days thereafter terminated him in violation of the NYC HRL.

64, The defendants are liable to the Plaintiff for failure to accommodate the Plaintiff's disability under the NYS Human Rights Law.

65.. As a result of the failure to accommodate the Plaintiff's disability, the plaintiff suffered loss of pay from the date of his termination, loss of employment related benefits, loss of future wages and employment related benefits and emotional injury.

66. Defendants are liable to the plaintiff for damages as set forth in the preceding causes of action and an order directing the defendants to place plaintiff in the position he would have occupied but for defendants' discriminatory treatment and unlawful conduct as well as to take such affirmative action including but not limited to reinstatement as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment

## AS AND FOR A NINTH CAUSE OF ACTION FOR RETALIATION UNDER THE NYC HUMAN RIGHTS LAW

67. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs inclusive as though set forth fully herein.

68. Plaintiff requested an accommodation under the NYC HRL by seeking permission to work with a splint on his right ring finger, following the on the job injury of

December 11, 2015.

69.     Defendant's employees in the Huma Resources Department indicated that other job titles were not permitted to work with injuries. Plaintiff continued to work with splint on his finger but within days thereafter on December 23, 2015 he was terminated.

70.     Defendant's termination of the Plaintiff on December 23, 2015 was in retaliation for seeking to work with a disability and in retaliation for previous disability related absences.

71.     As a result of the Defendants' retaliation against the Plaintiff in violation of the NYC HRL, plaintiff has been damaged suffering loss of wages and emotional injury.

72..     Plaintiff is entitled to damages for loss of back pay and employment related benefits and future damages for loss of future income and emotional damages

73..     Defendants are liable to the Plaintiff for retaliation under the NYC HRL for past wages and employment benefits, future loss of wages and employment benefits and emotional injury as set forth in the preceding causes of action and an order directing the defendants to place plaintiff in the position he would have occupied but for defendants' discriminatory treatment and unlawful conduct as well as to take such affirmative action including but not limited to reinstatement as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment

74.     Plaintiff satisfied all conditions precedent for the instant suit, as he timely filed an administrative charge with the NYS Division of Human Rights and the Equal Employment Opportunity Commission (EEOC) and received a Notice of Dismissal and Right to Sue from both. The instant action is timely commenced within 90 days of the Plaintiff's receipt of his Right to Sue letter from the EEOC.

## DEMAND FOR COSTS AND ATTORNEYS FEES

75.    Pursuant to all applicable statutes and administrative rules, Plaintiff requests an award of costs and attorney fees to the extent permitted by law.

### JURY TRIAL DEMAND

76.    Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein..

### PRAYER FOR RELIEF

**WHEREFORE,** plaintiff, THOMAS HOGAN demands judgment against the defendants CBS Corporation and JEFFREY BIRCH on the FIRST, SECOND, THIRD, FOURTH, FIFITH SIXTH, SEVENTH, EIGHTH AND NINTH causes of action for (1) Monetary damages to compensate plaintiff for economic injury including loss of income, wages and other benefits in the amount of Five Million Dollars ($5,000,000.00) together with the costs and disbursements of this action and emotional damages for retaliation and failure to accommodate in the amount of Five Million Dollars ($5,000,000.00). and  (2) for an order directing the defendants to place plaintiff in the position he would have occupied but for defendants' discriminatory treatment and unlawful conduct as well as to take such affirmative action including but not limited to reinstatement as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment

Dated: New York  New York
        July 30, 2017


                          Respectfully submitted


                                                                                    15

JOEL M. GLUCK
Attorney for Plaintiff
305 Broadway  Suite 1427
New York, N.Y.  10007
(212)  323-7432
 Fax (718) 852- 0185
Email: jmgluck200@aol.com